UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-247(1) (DWF/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Jesus Martinez Salazar, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Jesus Martinez Salazar's *pro se* motion for compassionate release and request for the appointment of counsel. (Doc. No. 101.) The United States of America (the "Government") opposes the motion. (Doc. No. 108.) For the reasons set forth below, the Court respectfully denies Salazar's motion.

## BACKGROUND

Salazar pleaded guilty to conspiracy to distribute methamphetamine on February 2, 2024. (Doc. No. 63.) On May 7, 2024, this Court sentenced Salazar to a 180-month prison term to be followed by a ten-year term of supervised release. (Doc. No. 85.) Salazar is currently incarcerated at FCI Yazoo City Medium with an anticipated release date of June 8, 2036. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Apr. 17, 2025).

Salazar moves for compassionate release based on an alleged "gross disparity" in sentencing. (Doc. No. 101 at 5.) He also requests the appointment of counsel. (*Id.* at 7.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Salazar sent a request for

compassionate release to his warden on October 18, 2024. (Doc. No. 101-1.) Therefore, the Court finds the motion is properly before it.

Salazar bases his motion for compassionate release on an alleged "gross disparity" in sentencing. Under § 1B1.13(b)(6),[1] a defendant may qualify for compassionate release if: (1) they received an unusually long sentence; (2) they have served at least ten years of that sentence; and (3) there has been a change in the law that would produce a gross disparity between the sentence the defendant is serving and the sentence likely to be imposed at the time the motion is filed, after considering the defendant's individualized circumstances. Salazar's does not meet any of those requirements.

First, he has only served about eighteen months of his prison sentence, not the required ten years. (*See* Doc. No. 108 at 7.) Second, his sentence is not unusually long. Salazar received 180 months, which is the mandatory minimum sentence.[2] A sentence of the mandatory minimum is not an unusually long sentence. It is the shortest that sentence

---

[1] There is an ongoing debate in the courts about the validity of § 1B1.13(b)(6). *See, e.g.*, *United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024). In fact, this validity question is currently before the Eighth Circuit in *United States v. Loggins*, Appeal No. 24-1488, and *United States v. Crandall*, Appeal No. 24-1569. Because the Court ultimately finds that Salazar's § 1B1.13(b)(6) argument fails on the merits, the Court does not address the section's validity and likewise denies the Government's request to stay the case pending the Eighth Circuit's decision in *Loggins* and *Crandall*.

[2] Salazar's suggestion that he was improperly sentenced to the mandatory minimum under 21 U.S.C. § 841(b)(1)(A) is false. Salazar was subject to the mandatory minimum under § 841(b)(1)(A) because he admitted to conspiring to distribute "a mixture and substance containing 500 grams or more of methamphetamine" in his plea agreement. (Doc. No. 64 ¶ 2.)

could possibly be. His sentence was also within the sentencing guidelines range.[3] (*See* Doc. No. 88 ¶ 95.) Lastly, Salazar does not specify any change in the law that would produce a gross disparity. He only points to cases that were decided prior to his sentencing and do not apply to his case. This is insufficient. Accordingly, the Court finds that there are no extraordinary and compelling reasons warranting compassionate release.

Because the Court concludes that Salazar has failed to show extraordinary and compelling reasons that would allow compassionate release, the Court need not address § 3553(a) factors or whether Salazar poses a danger to the community.

Salazar also moves for the appointment of counsel. (Doc. No. 101 at 7.) There is no constitutional right to counsel in postconviction proceedings beyond a defendant's first appeal of right. *Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, a defendant has no statutory right to counsel in postconviction proceedings seeking a sentence reduction. *United States v. Farah*, No. 18-cr-114, 2022 WL 4585689, at *2 (D. Minn. Sept. 29, 2022) (citing *United States v. Meeks*, 971 F.3d 810, 833-34 (8th Cir. 2020)). Whether to appoint counsel is left to the discretion of the Court. *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). At this time, Salazar has not demonstrated that appointment of counsel is warranted.

---

[3]     Salazar's final guidelines range at sentencing was 151 to 188 months, not 135 to 168 months. (Doc. No. 88 ¶ 95.) Because of the mandatory minimum, that guidelines range became 180 to 188 months. (*Id.*)

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.  Defendant Jesus Martinez Salazar's *pro se* motion for compassionate release (Doc. No. [101]) is respectfully **DENIED**.

2.  Defendant Jesus Martinez Salazar's request for the appointment of counsel (Doc. No. [101]) is respectfully **DENIED**.

Dated:  April 25, 2025

                                                s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge